## KRUPA *v.* STATE OF INDIANA.

[No. 25,199.    Filed January 6, 1927.]

1.    CRIMINAL LAW.—*Continuance on other than statutory ground
is discretionary with court.*—A motion to continue a cause for
any reason which is not a statutory ground for a continuance
is addressed to the sound legal discretion of the court, and its
action in refusing it will not be disturbed on appeal unless its
discretion has been abused.    p. 697.

2.    CRIMINAL LAW.—*Denial of continuance not reversible error
unless prejudice shown.*—A ruling of the court denying a con-
tinuance will not be reversed unless it is shown that the ap-
plicant for a continuance has been harmed thereby.    p. 697.

3.    CRIMINAL LAW.—*Continuances not favored and should only be
granted in furtherance of justice.*—Continuances are not fa-
vored and should only be granted when the court may clearly
see that a postponement of the cause will result in the fur-
therance of justice.    p. 697.

4.    CRIMINAL LAW.—*Refusal of continuance held not abuse of dis-
cretion.*—In a prosecution for unlawfully selling intoxicating
liquor, the refusal to continue the cause until after the trial
of two of the prosecuting witnesses, who were charged with
soliciting a bribe in connection with their work as investigators
for the prosecuting attorney, was not an abuse of discretion
where the state proved its case by other witnesses.    p. 697.

5. CRIMINAL LAW.—*Variance in first name of prosecuting witness held not material.*—In a prosecution for selling intoxicating liquor to Henry Mindemann, testimony of the purchaser that his name was "H. G. Mindemann," and proof that he was called "Harry G." Mindemann, was not a fatal variance, where he testified that he was the same "Henry" Mindemann as had previously testified. 698.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Joe Krupa was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*Sambor &. McDaniel,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—In the criminal court, the appellant was prosecuted and convicted of the offense of unlawfully selling intoxicating liquor to one Henry Mindemann, on or about February 10, 1925; the crime charged in the indictment being in violation of §1, ch. 23, Acts 1923. His assignment of error is that the court erred in overruling his motion for a new trial.

Prior to the submission of the cause to the court, a jury having been waived, appellant filed a verified application for a continuance, which was overruled. He claims that the ruling thereon was erroneous and this alleged error is one of the causes stated in the motion for a new trial.

According to appellant's brief, the application, in substance, stated the following: That Mindeman and Wang, chief witnesses for the state in this case, had been found probably guilty of soliciting a bribe in connection with their work, as investigators for the prosecuting attorney, and that their cases were then pending in the court where the defendant's case was to be tried. That the outcome of defendant's case would be determined largely upon the question of the credibility of the witnesses. That the defendant's case had

twice before been set for trial, but that the case against the state's witnesses, although filed shortly after, had never been set for trial, and that said witnesses were being favored by the prosecuting attorney because said witnesses were in his employ, and that the prosecuting attorney was using his office to work a hardship upon the defendant, and to favor the said witnesses charged with a more serious crime because they were his employees. That the case of the defendant and the case of the aforesaid parties involved the same witnesses, and should be tried together or on the same day.

A motion to continue a cause for any reason which is not made a statutory ground for a continuance is addressed to the sound legal discretion of the court, and its action in refusing a continuance will not be disturbed on appeal unless its discretion has been abused. And, if the application for such a continuance is denied, it must be shown that the party asking it was injured by such denial, before a reversal can be secured by him. Continuances of causes are not favored by the courts, and when granted, the grounds alleged must be such that the court may clearly see that a postponement of the cause will result in a furtherance of justice. 13 C. J. 126, §6. This continuance was desired by appellant in order to try to secure impeaching evidence against two of the state's witnesses. It was uncertain as to whether he would be benefited by the result of the trial of the case of said witnesses. And the court could not have been assured by the verified motion that the decision in the other case would have a decisive effect in behalf of appellant. The application did not show good cause for a continuance and it does not appear that there was any abuse of the court's discretion. Also, it cannot be contended that an injustice was done the appellant by the refusal to grant the continuance, as one of the witnesses for the state

named in the affidavit was not a witness when this cause was tried; and the state, by two witnesses not named therein, made proof against appellant of all the necessary elements of the crime charged.

Appellant questions the sufficiency of the evidence and claims that there was a variance between the name of the purchaser of the intoxicating liquor named 5. in the indictment and as shown by the evidence. In the indictment, the purchaser was named as Henry Mindemann. As a witness, on direct examination, he stated that his name was H. G. Mindeman. And in rebuttal, he was called as a witness by the name of Harry G. Mindeman, but said that he was the same Henry Mindeman who had testified that morning. There is no merit to appellant's contention in this particular. Considering only the evidence in support of the finding of the trial court, as is the rule in cases of this kind, it must be held that there was sufficient evidence to sustain the finding. The finding was not contrary to law. The motion for a new trial was properly overruled.

Judgment affirmed.